NOT DESIGNATED FOR PUBLICATION

No. 121,559

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRYSTAL D. WELCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed February 28, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Crystal D. Welch appeals the district court's revocation of her probation and the imposition of her underlying prison sentences. We granted Welch's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but asks that the district court's judgment be affirmed. After a review of the record, we dismiss the appeal as moot.

Pursuant to a plea agreement with the State, on September 18, 2018, Welch pled guilty to theft after a prior conviction, a severity level 9 nonperson felony. In exchange for Welch's plea, the State agreed to recommend the low number in the appropriate

1

sentencing guidelines grid box and to recommend the district court follow the statutory presumption of probation. The district court sentenced Welch to 8 months' imprisonment with 12 months' postrelease supervision. The district court then placed Welch on probation for 12 months.

On January 5, 2019, the State moved to revoke Welch's probation for violating the terms and conditions of her probation following Welch testing positive for methamphetamine and admitting to using methamphetamine, cocaine, and alcohol. Welch admitted to the violations. As a result, the district court found Welch violated her probation, ordered a 60-day jail sanction, but stayed imposition of that sanction to allow her to enter the drug court program. Welch's probation was extended for 18 months.

In March 2019, the State again sought to revoke Welch's probation, alleging she had submitted a urine sample that tested positive for opiates, another had been diluted, and that she had been deceptive with her probation officer regarding her drug use. At the probation violation hearing in April 2019, Welch admitted to the first two allegations. Welch also asked the district court to revoke her probation and impose her underlying sentence. The district court found Welch in violation of her probation, revoked her probation, and acceded to Welch's request that her underlying sentence be imposed, stating Welch was not amenable to probation.

Welch now appeals, arguing the district court erred by revoking her probation and ordering imprisonment. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Welch bears

2

the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

However, both Welch and the State claim on appeal that Welch has served her sentence. As a general rule, appellate courts do not decide moot questions or render advisory opinions. Rather, our role is to "'determine real controversies relative to the legal rights of persons or properties which are actually involved in the particular case.'" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). To be a real controversy, the case must involve "definite and concrete issues . . . with adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008). If it is clearly and convincingly shown that (1) the actual controversy has ended, (2) the entry of judgment would be ineffectual for any purpose, and (3) a judgment would have no impact on any of the rights of the parties, then the case must be dismissed as moot. *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009).

Here, it appears we lack the authority to grant Welch any relief because she has already served her prison sentence. Probation operates as a substitute for a term of imprisonment and therefore cannot be imposed if the underlying prison sentence has been completed. See *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018). Moreover, any additional intermediate sanctions imposed cannot be longer than the time remaining on the defendant's prison sentence. K.S.A. 2019 Supp. 22-3716(c)(6). Because Welch has already served her prison sentence, she cannot be subject to any short-term intermediate sanction or have her probation reinstated. While it is true that Welch would not be on postrelease supervision if her probation had not been revoked, that is not enough to turn this case into a real controversy given that the relief she seeks cannot be granted by us. Therefore, Welch's appeal is moot. See *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008) ("An issue is moot where any judgment of the court would not affect the outcome of the parties' controversy.").

Finally, we observe that even if Welch's appeal were not moot, we would affirm the district court because Welch asked the district court to revoke her probation and impose her underlying sentence. "A party may not invite error and then complain of that error on appeal." *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003).

Appeal dismissed.